Douglas Q. Hahn, SBN 257559
  dhahn@sycr.com
Salil Bali State Bar No. 263001
  sbali@sycr.com
STRADLING YOCCA CARLSON & RAUTH, P.C.
660 Newport Center Drive, Suite 1600
Newport Beach, CA 92660-6422
Telephone:  (949) 725-4000
Facsimile:  (949) 725-4100


Attorneys for Plaintiff
PureLine Treatment Systems, LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PureLine Treatment Systems, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>SMM Distributors, LLC dba Biocide Systems, SMM Manufacturing Inc. d/b/a Biocide Systems and Does 1-10,<br><br>Defendants. | CASE NO. 2:20-cv-04440-PSG-MAA<br><br>Honorable Philip S. Gutierrez<br><br>**PLAINTIFF'S MOTION TO EXCLUDE AND/OR STRIKE TESTIMONY OF DEFENDANTS' EXPERT, JOHN W. BYRNE**<br><br>Hearing Date:      April 15, 2022<br>Time:              1:30 p.m.<br>Location:          350 West 1st Street, Courtroom 6A, 6th Floor, Los Angeles, CA 90012<br><br>Final Pre-Trial Conf.:  May 27, 2022<br>Trial:              June 23, 2022 |

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

4853-8435-8926v4/105972-0002

1 TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2 PLEASE TAKE NOTICE that, on April 15, 2022, at 1:30 p.m., or as soon

3 thereafter as the matter may be heard, in the courtroom of the Honorable Philip S.

4 Gutierrez, United States District Judge, located at the First Street Courthouse, 350

5 W. First Street, Courtroom 6A, Los Angeles, CA 90012, Plaintiff Pureline

6 Treatment Systems LLC will move the Court for an order pursuant to Federal Rule

7 of Evidence 702 excluding and/or striking several opinions rendered by

8 Defendants SMM Distributors, LLC dba Biocide Systems, SMM Manufacturing

9 Inc. d/b/a Biocide Systems' (collectively, "SMM" or "Defendants") expert, Dr.

10 John W. Byrne.  Specifically PureLine moves to exclude paragraphs 58-9, 63-4,

11 89-90, 95-6, 103-105  of the November 23, 2021 Opening Report of its Expert Dr.

12 John W. Byrne (the  "Opening Report" or "Byrne Report") and paragraphs 32-39

13 and 43 of Dr. Byrne's December 22, 2021 Rebuttal Report (the "Byrne Rebuttal"),

14 and to strike paragraph 103 of the Byrne Report and paragraphs 40-42 of the Byrne

15 Rebuttal.

16 The Motion is made on the grounds that:

17 1. Several of Byrne's opinions should be excluded as they are unreliable

18 or irrelevant.

19 2. Byrne's opinions as to damages should be excluded as he is not

20 qualified to render such opinions, and certain of these opinions are

21 made in a manner contrary to the facts and law.

22 3. Byrne's opinions as to proposed non-infringing alternatives must be

23 stricken pursuant to Fed. R. Civ. P. 37 as these proposed non-

24 infringing alternatives were never raised in discovery, and cannot be

25 relied on pursuant to Fed. R. Civ. P. 26.

26 This motion is made following the conference of counsel pursuant to L.R. 7-

27 3, which took place on January 21, 2021 between PureLine's lead counsel Douglas

28 Q. Hahn and SMM's lead counsel Edward Pennington.  (*See,* February 18, 2022,

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-i-

PLAINTIFF'S MOTION TO EXCLUDE PORTIONS OF BYRNE REPORTS
4853-8435-8926v4/105972-0002                        20-cv-04440

1   Omnibus Declaration of Salil Bali ISO Motions for Partial Summary Judgment and

2   Motion to Exclude ("Bali Decl."), ¶23.)   As the parties were unable to reach an

3   agreement on or resolve the matters set forth herein, PureLine now raises them to

4   the Court.

5        This Motion is based on this Notice, the attached Memorandum in support,

6   the Bali Decl., the pleadings on file herein, and upon such other matters as may be

7   presented to the Court in connection with this Motion.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-ii-

PLAINTIFF'S MOTION TO EXCLUDE PORTIONS OF BYRNE REPORTS

4853-8435-8926v4/105972-0002

20-cv-04440

# TABLE OF CONTENTS

I.   INTRODUCTION ............................................................................. 1

II.  LEGAL STANDARD ....................................................................... 1

III. ARGUMENT ................................................................................... 1

  A.   Dr. Byrne's Damages Opinions Must Be Excluded. .......................... 1

    1.   Dr. Byrne Is Not Qualified To Render Opinions As To Damages ........................................................................ 2

    2.   Dr. Byrne's Opinions Are Unreliable ................................... 2

  B.   Byrne's Testimony Is Unreliable and Contrary to the Law ................ 4

  C.   Byrne's Testimony As To Non-Infringing Alternatives Must Be Stricken ................................................................................ 7

IV.  CONCLUSION ................................................................................ 9

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-iii-

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abbott Labs. v. Brennan*,
   952 F.2d 1346 (Fed. Cir. 1991) ................................................................ 2

*Apple, Inc. v. Samsung Elecs. Co.*,
   Case No.: 11-CV-01846-LHK, 2013 U.S. Dist. LEXIS 160188
   (N.D. Cal. Nov. 6, 2013) ........................................................................... 2

*Apple, Inc. v. Samsung Elecs. Co., Ltd.*,
   Case No. 11-CV-01846-LHK, 2012 U.S. Dist. LEXIS 90877 (N.D.
   Cal. June 30, 2012) ................................................................................... 6

*Apple, Inc. v. Samsung Elecs. Co., Ltd.*,
   No. 11-CV-01846-LHK, 2012 U.S. Dist. LEXIS 108648 (N.D.
   Cal. Aug. 2, 2012) ..................................................................................... 8

*Asia Vital Components Co., Ltd. v. Asetek Denmark A/S*,
   377 F. Supp. 3d 990 (N.D. Cal. Mar. 15, 2019) ....................................... 7

*BMC Software, Inc. v. Servicenow, Inc.*,
   No. 2:14-CV-903-JRG, 2016 U.S. Dist. LEXIS 10463 (E.D. Tex.
   Jan. 29, 2016) ............................................................................................ 9

*Cabrera v. Cordis Corp.*,
   134 F.3d 1418 (9th Cir. 1998) .............................................................. 5, 6

*City of Pomona v. SQM N. Am. Corp.*,
   750 F.3d 1036 (9th Cir. 2014) .............................................................. 5, 6

*Clausen v. M/V NEW CARISSA*,
   339 F.3d 1049 (9th Cir. 2003) ................................................................. 5

*Daubert v. Merrell Dow Pharmaceuticals, Inc.*,
   509 U.S. 579 (1993) ......................................................................... 1, 5, 6

*GE v. Joiner*,
   522 U.S. 136 (1997) .................................................................................. 6

-iv-

PLAINTIFF'S MOTION TO EXCLUDE PORTIONS OF BYRNE REPORTS

20-cv-04440

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

4853-8435-8926v4/105972-0002

*Guidroz-Brault v. Mo. Pac. R. Co.*,
    254 F.3d 825 (9th Cir. 2001) .......................................................... 3, 4

*Intel Corp. v. U.S. Int'l Trade Comm'n*,
    946 F.2d 821 (Fed. Cir. 1991) ............................................................ 6

*Kaneka Corp. v. Zhejiang Med. Co.*,
    No. 2:11-cv-2389 SJO (SSX), 2017 U.S. Dist. LEXIS 230942
    (C.D. Cal. Feb. 22, 2017) .................................................................... 4

*Kearns v. Chrysler Corp.*,
    32 F.3d 1541 (Fed. Cir. 1994) ............................................................ 4

*Loeffel Steel Products, Inc. v. Delta Brands, Inc.*,
    387 F. Supp. 2d 794 (N.D. Ill. 2005) .................................................. 7

*Lucent Techs., Inc. v. Gateway, Inc.*,
    580 F.3d 1301 (Fed. Cir. 2009) .......................................................... 4

*Masimo Corp. v. Philips Elec. N. Am. Corp.*,
    62 F. Supp. 3d 368 (D. Del. 2014) ...................................................... 9

*Morales v. Kraft Foods Grp.*,
    LA CV14-04387 ............................................................................. 3, 4

*Pavo Solutions LLC v. Kingston Technology Company, Inc.*,
    Case No. 8:14-cv-01352-JLS-KES, 2019 U.S. Dist. LEXIS 228663
    (C.D. Cal. Nov. 11, 2019) .................................................................. 7

*Prism Techs., LLC v. TMobile USA Inc.*,
    No. 8:12CV124, 2015 U.S. Dist. LEXIS 137677 (D. Neb. Oct. 8,
    2015) .................................................................................................. 9

*Richter v. Hickman*,
    578 F.3d 944 (9th Cir. 2009) .............................................................. 2

*Sound View Innovations v. Hulu*,
    LA CV17-04146 .................................................................................. 4

*Summit 6, LLC v. Samsung Elecs. Co.*,
    802 F.3d 1283 (Fed. Cir. 2015) .......................................................... 1

*Synqor, Inc. v. Artesyn Techs., Inc.*,
    709 F.3d 1365 (Fed. Cir. 2013) .......................................................... 9

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-v-

PLAINTIFF'S MOTION TO EXCLUDE PORTIONS OF BYRNE REPORTS
4853-8435-8926v4/105972-0002                                    20-cv-04440

1

*United States v. Rushing*,
   388 F.3d 1153 (8th Cir. 2004) ............................................................................ 2

2

3

**Other Authorities**

4

Fed. R. Civ. P. 37 ........................................................................................................ 7, 9

5

Fed. R. Civ. P. 403 ...................................................................................................... 6, 7

6

Federal Rules of Evidence 702 and 703 ........................................................................ 2

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

PLAINTIFF'S MOTION TO EXCLUDE PORTIONS OF BYRNE REPORTS

4853-8435-8926v4/105972-0002

20-cv-04440

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

To support its defenses, SMM proffers the opinions of its expert, Dr. John W. Byrne.  Dr. Byrne outlines several opinions as to damages and non-infringement, among other things.  These opinions, however, are outside of Dr. Byrne's expertise, offered with little to no support, or are otherwise rendered in a manner contrary to law.  As shown below, certain of Dr. Byrne's opinions must be excluded pursuant to Fed. R. Evid. 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) as they are unreliable.

## II.    LEGAL STANDARD

A district court's decision to admit expert testimony under *Daubert* in a patent case is governed by the law of the regional circuit.  *Summit 6, LLC v. Samsung Elecs. Co.*, 802 F.3d 1283, 1294 (Fed. Cir. 2015).  Under Fed. R. Evid. 702, a court may permit opinion testimony from an expert only if "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case."  The party offering the expert testimony bears the burden of proving admissibility.  *Daubert*, 509 U.S. at 592 n.10.

## III.    ARGUMENT

### A.    Dr. Byrne's Damages Opinions Must Be Excluded.

SMM has no damages expert and so tries to shoehorn its damages case in through Dr. Byrne.  Dr. Byrne, however, is not a damages expert—his background is in chemistry.  (Bali Decl., Ex. O at ¶¶4-9.)  He even admits that he has no training that would qualify him to testify as a damages expert.  (*Id.*, Ex. P at ¶32.)

Despite lacking the appropriate background, Dr. Byrne opines that: (1) for lost profits purposes, the parties' products are not in the same market (*Id.*, Ex. O at

-1-

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

PLAINTIFF'S MOTION TO EXCLUDE PORTIONS OF BYRNE REPORTS
4853-8435-8926v4/105972-0002                                                      20-cv-04440

¶¶103-05; Ex. P at ¶¶32-39); (2) that "damage from infringing the patents in suit would be limited to a reasonable royalty on the powder, not on the structures used to activate the powder" (*id.*, Ex. P at ¶39); and that (3) SMM purportedly lacked awareness of the Patents-in-suit.  (*Id.*, Ex. O at ¶105.)

## 1.   Dr. Byrne Is Not Qualified To Render Opinions As To Damages

Here, Dr. Byrne's damages opinions must be excluded as Dr. Byrne *admits* that he is "not a damages expert."  (*Id.*, Ex. P at ¶32.)   On this basis alone, these opinions must be excluded under Rule 702 as experts may not make expert conclusions about areas outside their expertise.  *See Abbott Labs. v. Brennan*, 952 F.2d 1346, 1351-52 (Fed. Cir. 1991) (proffered expert opinion as to damages excluded as expert had no experience analyzing the market for a medical device and admitted that he was "not an expert on patent royalties"); *Apple, Inc. v. Samsung Elecs. Co.*, Case No.: 11-CV-01846-LHK, 2013 U.S. Dist. LEXIS 160188,  at *46 (N.D. Cal. Nov. 6, 2013) (excluding damages expert from providing opinion testimony as to copying in that it this was "an area outside her expertise").

As Dr. Byrne is not a damages expert, and as he provides no basis to render damages opinions, paragraphs 103-105 of the Byrne Report and 32-39, and 43 of the Byrne Rebuttal must be excluded.

## 2.   Dr. Byrne's Opinions Are Unreliable

Even if Dr. Byrne were qualified, his opinions must be excluded as they are based on faulty methodology and assumptions without evidentiary support.

While the Federal Rules of Evidence 702 and 703 are broad in allowing the Court to admit opinions based on assumptions, "an expert's opinion may not be based on assumptions of fact without evidentiary support, or on speculative or conjectural factors."  *Richter v. Hickman*, 578 F.3d 944, 987 (9th Cir. 2009) (citation and original alteration omitted); *see also United States v. Rushing*, 388

1    F.3d 1153, 1156 (8th Cir. 2004) ("Expert testimony should not be admitted when it

2    is speculative, it is not supported by sufficient facts, or the facts of the case

3    contradict or otherwise render the opinion unreasonable."); *Guidroz-Brault v. Mo.*

4    *Pac. R. Co.*, 254 F.3d 825, 830-31 (9th Cir. 2001) (excluding expert testimony that

5    "was not sufficiently founded on the facts" of the case).

6         Dr. Byrne opines that non-infringing alternatives can be considered as a

7    measure of damages; that there is only a slight cost difference between using

8    sponges verse a polymer powder; that the markets for PureLine's and SMM's

9    products are different; that the parties are not competitors and their products are

10   not comparable; and that the Pureline products have not achieved industry respect.

11   (Bali Decl., Ex. O at ¶¶ 103-105.)  Dr. Byrne further opines on the factors in

12   determining damages; how damages should be apportioned; and the scope of

13   damages from the infringing patents.  (*Id*, Ex. P at ¶¶32-39 and 43.)   Dr. Byrne,

14   however, conducts no analysis of the relative markets, the financial details of either

15   party including overall costs or profitability, consumers or channels of trade.

16   Instead, Dr. Byrne's cursory statements, predicated on nothing more than his

17   "knowledge of the markets," are not consistent with the facts and relevant

18   information in the record and must be excluded as they are unreliable.  *Morales v.*

19   *Kraft Foods Grp.*, LA CV14-04387 JAK (PJWx), 2017 U.S. Dist. LEXIS 97433, at

20   *10 (C.D. Cal. June 9, 2017); *Guidroz-Brault*, 254 F.3d at 830-31.  Nor has Dr.

21   Byrne established that he has any specialized "knowledge of the market" for

22   consumer ClO2 products.

23        Moreover, Dr. Byrne's statements that "[a]ny damage from infringing the

24   patents in suit would be limited to a reasonable royalty on the powder, not on the

25   structures used to activate the powder" (Bali Decl., Ex. P at ¶39) must be excluded

26   as contrary to law.  Besides the point that this statement is made—yet again—with

27   no support or citation to law or fact, the assertion made by Dr. Byrne flies in the

28   face of long-standing precedent as to the scope of reasonable royalty damages.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-3-
PLAINTIFF'S MOTION TO EXCLUDE PORTIONS OF BYRNE REPORTS
4853-8435-8926v4/105972-0002                                         20-cv-04440

*See, e.g.*, *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1339 (Fed. Cir. 2009) ("the base used in a running royalty calculation can always be the value of the entire commercial embodiment, as long as the magnitude of the rate is within an acceptable range (as determined by the evidence)."); *Kearns v. Chrysler Corp.*, 32 F.3d 1541, 1544 (Fed. Cir. 1994) (awarding a reasonable royalty of 90 cents per vehicle that had the infringing intermittent windshield wipers, when the average car price was approximately $4,000 to $6,000). Because this opinion is rendered without any support in the law or the facts, it must be excluded. *Morales*, 2017 U.S. Dist. LEXIS 97433, at *10; *Guidroz-Brault*, 254 F.3d at 830-31.

Finally, Byrne's opinions as to SMM's awareness of the patents must be excluded as courts in this district have routinely excluded opinions from technical experts regarding "mental states or levels of knowledge." *See, e.g.*, *Kaneka Corp. v. Zhejiang Med. Co.*, No. 2:11-cv-2389 SJO (SSX), 2017 U.S. Dist. LEXIS 230942, at *14 (C.D. Cal. Feb. 22, 2017); *see also Glaukos Corp. v. Ivantis, Inc.*, SACV 18-620 JVS (JDEx), 2020 U.S. Dist. LEXIS 257477, at *35 (C.D. Cal. July 23, 2020).

As Byrne's damages opinions are contrary to the facts and otherwise unsupported by the evidence, paragraphs 103-105 of his Opening Report, and at paragraphs 32-39, and 43 of the Byrne Rebuttal must be excluded.

## B.   Byrne's Testimony Is Unreliable and Contrary to the Law

In the Byrne Report, Dr. Byrne renders several opinions as to invalidity and non-infringement that are made with no support nor citation to any testing or methodology used to generate these opinions. As these opinions are not grounded in the facts of the case or in scientifically accepted methods of testing, these opinions should be excluded. *Sound View Innovations v. Hulu*, LA CV17-04146 JAK (PLAx), 2019 U.S. Dist. LEXIS 231659, at *6 (C.D. Cal. Aug. 5, 2019).

Dr. Byrne's Opening Report also address non-infringement. In finding SMM's Accused Products to be non-infringing, however, Dr. Byrne provides no

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-4-

PLAINTIFF'S MOTION TO EXCLUDE PORTIONS OF BYRNE REPORTS
4853-8435-8926v4/105972-0002                                                20-cv-04440

evidence of any testing he did on the SMM product or explanation of how he reached his conclusions.  (Bali Decl., Ex. O at ¶63.)  Specifically, Dr. Byrne opines "because the polymer takes greater than 5 minutes before it swells to a maximum swelling extent, and then the polymer dehydrates over time, so that the polymer acts to release chlorine dioxide over time by evaporation – it does not prevent the reaction of water with the active ingredients." (*Id*.)  He goes on to state that "[t]he polymer, at the end of the reaction, after several hours, is no longer swollen with aqueous chlorine dioxide."  (*Id.*)  Without disclosing any testing or methodologies used in making his determinations, Dr. Byrne nonetheless makes sweeping statements about how the SMM polymer preforms to find it non-infringing. Without details on the testing Dr. Byrne did to arrive at these conclusion about how the product functions, Dr. Byrne's opinion here is unreliable.  Expert testimony that is based on "faulty methodology or theory," *City of Pomona v. SQM N. Am. Corp.*, 750 F.3d 1036, 1048 (9th Cir. 2014), or is otherwise relying on "unsubstantiated and undocumented information," *Cabrera v. Cordis Corp.*, 134 F.3d 1418, 1423 (9th Cir. 1998), and conclusions based solely upon "subjective beliefs or unsupported speculation," *Clausen v. M/V NEW CARISSA*, 339 F.3d 1049, 1061 (9th Cir. 2003), as amended on denial of reh'g (Sept. 25, 2003), are the "antithesis of . . . reliable expert opinion admissible under Daubert and Rule 702," *Cabrera*, 134 F.3d at 1423.  A "key question" to be answered when determining reliability is whether a methodology is testable. *Daubert*, 509 U.S. at 593. "Under Daubert's testability factor, the primary requirement is that [s]omeone else using the same data and methods . . . be able to replicate the result[s]." *City of Pomona*, 750 F.3d at 1047 (citation omitted).  "Testability assures the opponent of proffered evidence the possibility of meaningful cross-examination (should he or someone else undertake the testing)." *Id.* at 1046 (quotation omitted).  Here SMM and Dr. Byrne have failed to disclose any of this information.  As Dr. Byrne's methodology is not testable, it is not reliable under Fed. R. Evid. 702. *Id.* at 1046-47.

PLAINTIFF'S MOTION TO EXCLUDE PORTIONS OF BYRNE REPORTS

20-cv-04440

1   Similarly, in Paragraphs 64, 89, 90, 95, and 96, Dr. Byrne opines that talc "is
2   not a 'hydrophobic compound'" as it "does not resist solvent for at least 30
3   seconds," and that "talc washes off almost immediately when exposed to water."
4   (Bali Decl., Ex. O at ¶¶64, 89, 90, 95, and 96.)  Dr. Byrne, however, again does not
5   identify any evidence or testing or explain how he reached his conclusions.
6   Without details, including for example, how he determined that the talc "is not a
7   hydrophobic compound" or how he measured the time intervals of "immediately"
8   or "30 seconds," Dr. Byrne's opinions are not reliable.  *City of Pomona*, 750 F.3d
9   at 1046-47; *Cabrera*, 134 F.3d at 1423.  Dr. Byrne is well aware of these standards
10  in the scientific community as he unsuccessfully attempts to criticize PureLine's
11  testing of the SMM product as not having enough data about its testing.  (Bali
12  Decl., Ex. P at ¶13.)  In contrast here, SMM and Dr. Byrne have provided no
13  testing data at all and simply assert unfounded statements.  Where an expert's
14  testimony is unreliable it should be precluded.  *GE v. Joiner*, 522 U.S. 136, 146
15  (1997) (excluding unreliable expert testimony).

16      Finally, Dr. Byrne opines that because the specification states that a super
17  absorbent can absorb 75 times its weight in water, the SMM polymer does not
18  infringe because the Accused Products come with instructs that specify an amount
19  of water to use that is less than 75 times the weight of its super absorbent.  (Bali
20  Decl., Ex. O at ¶60; Ex. P at ¶¶12-14, 27-31.)  Dr. Byrne's conclusion is contrary
21  to law and not reliable under *Daubert* as the claims in the patents in suit are not
22  method claims.  *Intel Corp. v. U.S. Int'l Trade Comm'n*, 946 F.2d 821, 832 (Fed.
23  Cir. 1991) (to infringe a claim that recites capability and not actual operation, an
24  accused device "need only be capable of operating" in the described mode.)
25  Courts hold that such opinions are unreliable, and even if reliable, are unduly
26  prejudicial under Federal Rule of Evidence 403 because they are likely to confuse
27  the jury.  *See Apple, Inc. v. Samsung Elecs. Co., Ltd.*, Case No. 11-CV-01846-
28  LHK, 2012 U.S. Dist. LEXIS 90877, at *28 (N.D. Cal. June 30, 2012) (excluding

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

4853-8435-8926v4/105972-0002

1   expert opinion where expert's analysis is "contrary to law, [because] it is unreliable

2   under FRE 702 and Daubert and unduly prejudicial under FRE 403"); *see also*

3   *Loeffel Steel Products, Inc. v. Delta Brands, Inc.*, 387 F. Supp. 2d 794, 806 (N.D.

4   Ill. 2005) ("Expert opinions that are contrary to law are inadmissible.").

5         As Dr. Byrne provides no support for his opinions and/or they are contrary

6   to law, paragraphs 58-9, 63-4, 89-90 and 95-6 in the Byrne Report and paragraphs

7   12-14 and 27-31 in the Byrne Rebuttal are unreliable and should be excluded.

8       **C.**    **Byrne's Testimony As To Non-Infringing Alternatives Must Be**

9                **Stricken**

10         In Paragraph 103 of his Opening Report, and Paragraphs 40-42 of his Byrne

11   Rebuttal, Dr. Byrne provides, for the first time, several purported non-infringing

12   alternatives.  However, these supposed non-infringing alternatives were never

13   disclosed by SMM before the Opening Report, with most not having been raised

14   until the Byrne Rebuttal.  Dr. Byrne's opinions as to proposed non-infringing

15   alternatives must be stricken as SMM never raised these potential alternatives

16   during discovery.

17         Pursuant to Fed. R. Civ. P. 37, where a party fails to provide information as

18   required by Rule 26(a) or (e), "the party is not allowed to use that information or

19   witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure

20   was substantially justified or is harmless." The fundamental "question in deciding

21   whether to strike an expert report is whether the expert has permissibly specified

22   the application of a disclosed theory or impermissibly substituted a new theory

23   altogether." *Pavo Solutions LLC v. Kingston Technology Company, Inc.*, Case No.

24   8:14-cv-01352-JLS-KES, 2019 U.S. Dist. LEXIS 228663, at *10 (C.D. Cal. Nov.

25   11, 2019) (striking contentions raised for first time in expert report); *Asia Vital*

26   *Components Co., Ltd. v. Asetek Denmark A/S*, 377 F. Supp. 3d 990, 1003-05 (N.D.

27   Cal. Mar. 15, 2019) (striking new theory from expert report where the party

28   "wait[ed] until its expert rebuttal to disclose its theory," and thus "prevented [the

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-7-

PLAINTIFF'S MOTION TO EXCLUDE PORTIONS OF BYRNE REPORTS

4853-8435-8926v4/105972-0002

20-cv-04440

1  opposing party] from conducting fact discovery on the issue, thereby hampering its

2  expert discovery as well").

3      Here, SMM was asked to identify any non-infringing alternatives in

4  PureLine's Interrogatory No. 9, requesting:

5      facts that support [SMM's] efforts to design around the [Patents-in-Suit]

6      including by identifying any non-infringing alternatives to the  [Patents-in-

7      Suit]. . . .

8  (Bali Decl., Ex. Q (emphasis added).)  SMM's flippant response was that:

9      SMM products do not infringe. SMM has never 'designed around' or

10     considered designing around the Patents. SMM only became aware of the

11     patents and the claim of infringement as of May 2020.

12  (*Id.*) SMM did not further supplement this response during discovery.

13     Despite PureLine's discovery requests, SMM first raised the possibility of

14  using a sponge to replace the superabsorbent as a non-infringing alternative in

15  Byrne's Opening Report.  (*Id.*, Ex. O at ¶103.)  Dr. Byrne's impermissible non-

16  infringing alternatives analysis does not end at the sponge.  Indeed, in the Byrne

17  Rebuttal—issued after PureLine's damages expert had already called out the

18  impropriety of disclosing non-infringing alternatives for the first time in an expert

19  report—Dr. Byrne again provides two more alternatives: either removing the talc

20  entirely (*id.*, Ex. P at ¶40) or for "SMM to use any other absorbent material that

21  has an absorbency of less than 75 times its weight" (*id.* at ¶42). Neither

22  configuration was previously disclosed.  On this basis alone, Dr. Byrne's opinion

23  as to non-infringing alternatives is impermissible, and warrants exclusion.  *Apple,*

24  *Inc. v. Samsung Elecs. Co., Ltd.*, No. 11-CV-01846-LHK, 2012 U.S. Dist. LEXIS

25  108648, at *23-6 (N.D. Cal. Aug. 2, 2012) (affirming magistrate judge's order

26  striking portions of Samsung's expert reports that included invalidity and non-

27  infringement theories that were not timely provided to Apple in response to

28  contention interrogatories).  Indeed, courts routinely strike expert testimony as to

non-infringing alternatives that were not previously raised by the infringing party. *See, e.g., Synqor, Inc. v. Artesyn Techs., Inc.*, 709 F.3d 1365, 1382 (Fed. Cir. 2013) (affirming striking under Rule 37 of non-infringing alternatives opinions that were not timely raised); *Masimo Corp. v. Philips Elec. N. Am. Corp.*, 62 F. Supp. 3d 368, 389 (D. Del. 2014) (striking expert's untimely supplementation of non-infringing alternatives); *BMC Software, Inc. v. Servicenow, Inc.*, No. 2:14-CV-903-JRG, 2016 U.S. Dist. LEXIS 10463, at *9 (E.D. Tex. Jan. 29, 2016) (striking from expert report non-infringing alternatives not disclosed in defendant's interrogatories); *Prism Techs., LLC v. TMobile USA Inc.*, No. 8:12CV124, 2015 U.S. Dist. LEXIS 137677, at *8 (D. Neb. Oct. 8, 2015) (same).

For these reasons, Paragraph 103 of Byrne's Opening Report, and Paragraphs 40-42 of the Byrne Rebuttal should be stricken as a matter of law.

## IV.    CONCLUSION

For the foregoing reasons, PureLine respectfully requests that the Court: (1) exclude paragraphs 58-9, 63-4, 89-90, 95-6, 103-105 of the Byrne Report and paragraphs 32-39 and 43 of the Byrne Rebuttal; and (2) strike paragraph 103 of the Byrne Report and paragraphs 40-42 of the Byrne Rebuttal.

DATED:  February 18, 2022

STRADLING YOCCA CARLSON & RAUTH, P.C.

By:  _____
Douglas Q. Hahn
Salil Bali

Attorneys for Plaintiff
PureLine Treatment Systems, LLC

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-9-
PLAINTIFF'S MOTION TO EXCLUDE PORTIONS OF BYRNE REPORTS
4853-8435-8926v4/105972-0002                                    20-cv-04440